Tbe opinion of tbe Court was delivered by
0’Nea.ll, J.
Sullivan, tbe principal of tbe defendants in these cases, bad been arrested (tbe 10th of March,) at tbe suit of another creditor, and on tbe 14th of April, filed bis schedule, and petitioned to be discharged under tbe Insolvent Debtors’ Act.
He was subsequently (23d May) arrested, at tbe suit of tbe plaintiff, and gave tbe bond on which these processes are founded.
Tbe question is, was be bound to file in this plaintiff’s case tbe schedule, which be bad previously filed under bis application for tbe benefit of tbe Insolvent Debtors’ Act ?
I think be was not. Eor all legal purposes, it must be considered as filed in this plaintiff’s case, as well as tbe previous case. Eor, if tbe defendant, Sullivan, bad been in jail, tbe sheriff could not have done more than lodge tbe plaintiff’s ca. sa., as a detainer. When in tbat case be appeared to be discharged, tbe plaintiff, Banks, as well as Moses, might have contested bis schedule and showed cause against bis discharge; if these objections bad failed and tbe schedule bad been assigned, Banks as well as Moses would have participated in tbe *30 benefit, and tbe discharge of tbe prisoner would have ope rated' to free him both from tbe arrest, and tbe detainer.
What difference can there legally be between actual confinement, and tbe prison rules, in reference to tbe effect of the schedule and the discharge ? I confess'I do not perceive any.
It is true, inasmuch, as the prisoner, Sullivan, in Perry Moses’ case, had the benefit of the prison rules, the sheriff was bound to arrest him, and to take his bond again for the prison rules in place of the detainer above spoken of.. But that is all which could be different from the case stated, as if he had been in actual confinement.
Subsequently to the trial of these processes, but at the same Term, Sullivan’s application for his discharge, under the Insolvent Debtors’ Act, was heard, and he was discharged.
This clearly is a discharge from the debt, or recovery of the plaintiff against him: and he never can contest the same. Crane vs. Martin, 4 Rich. 251, and Hibler vs. Hammond, 2 Strob. 105.
How then can he claim to recover against the defendants (sureties) that which he cannot recover against their principal ?
The case of Breeze vs. Elmore, 4 Rich. 536, allowed to bail the benefit of their principal’s discharge, as an insolvent; in another case, when it took place within the time allowed to the bail to make a render of their principal.
The motion is dismissed.
Wardlaw, Withers, Whither, Glover, and Muhro, JJ., concurred.

Motion refused.